# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

IDA JO TOCCO                                                                        **PLAINTIFF**

v.                                                **CIVIL ACTION NO. 5:10CV-172-R**

CHRISTOPHER LEE EASLEY                                      **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Upon review, Plaintiff's motion to proceed *in forma pauperis* (DN 3) is **GRANTED**. The Court will now review Plaintiff's complaint.

Plaintiff Ida Jo Tocco, acting without the assistance of counsel, filed this action against her ex-husband, Christopher Lee Easley. She alleges that Defendant:

> [took] my inherited property that was bought with insurance monies I received from the death of both my parents. Easley with malice forged my name on deeds then divorced me. Easley violated my civil rights by taking my property through deceit and manipulation. There exist no implied trust relationship between the defendant and plaintiff. Easley deprived plaintiff of U.S. Constitution Article IV § 4, Article V, also First, Firth and 14th Article Rights to procedural due process.

Plaintiff maintains that this action arises under the Civil Rights Act of 1871 (42 U.S.C. §§ 1983 and 1985). As such, she maintains that jurisdiction is proper under "Title 28 U.S.C. §§§ 1331, 1343 and 2281."

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman,* 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998). The party that seeks to

invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas,* 50 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Ed.*, 114 F.3d 162, 165 (11th Cir. 1997)). Because the Court lacks subject-matter jurisdiction over this action, it will dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(h)(3).

**28 U.S.C. § 1331**

This statue states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A case "arises under" federal law for purposes of exercising federal question jurisdiction if the "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

Sections 1983 and 1985 are federal statutes. Section 1985 governs conspiracy to interfere with another's civil rights. By its plain terms it requires action by "two or more persons." Plaintiff has not alleged a conspiracy involving two or more persons. As such, this section is inapplicable. To state a claim under § 1983, a plaintiff must allege that the defendant deprived her of rights, privileges, or immunities secured by the Constitution under color of state law. *Lindsey v. Detroit Entm't, LLC*, 484 F.3d 824, 827 (6th Cir. 2007). As a general rule, "[s]ection 1983 does not . . . prohibit the conduct of private parties acting in their individual capacities." *Id.* The "ultimate issue" in determining whether a private party is subject to suit under § 1983 is whether "the alleged infringement of federal rights [is] fairly attributable to the State." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). Plaintiff has not alleged any facts from which the Court could

2

infer that Defendant was acting in concert with the State so as to make his conduct fairly attributable to it.

Theft by deception, unlawful taking, conversion, etc. are all state law claims. They do not arise under or implicate matters of federal law. Thus, § 1331 does not supply a basis for subject-matter jurisdiction.

**28 U.S.C. § 1343**

This section provides that the district courts shall have original jurisdiction of all civil actions authorized by law to be commenced by a person seeking recovery under 42 U.S.C. § 1985. As previously explained, Plaintiff has not alleged facts sufficient to give rise to a claim under § 1985.

**28 U.S.C. § 2281**

This section provided that an interlocutory or permanent injunction restraining the enforcement, operation or execution of a State statute on grounds of unconstitutionality should not be granted unless the application has been heard and determined by a three-judge district court. It was repealed on August 12, 1976, and therefore, has no applicability.

**28 U.S.C. 1332**

Finally, although not raised by Plaintiff, the court observes that a federal court may exercise subject matter jurisdiction over an action involving a purely state law cause of action:

> (a) . . . where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
> (1) Citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a). Here, both Plaintiff and Defendant are citizens of Kentucky. Therefore, this section does not provide a basis for the Court to exercise subject matter-jurisdiction over this action.

For the reasons set forth above, the Court will enter a separate Order of dismissal because it lacks subject-matter jurisdiction over this action.

Date:

cc: Plaintiff, *pro se*
4413.008